133 A.3d 279

IN THE MATTER OF RAYMOND ARMOUR, AN ATTORNEY
AT LAW (ATTORNEY NO. 007301994).

March 16, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–075, recommending that **RAYMOND ARMOUR** of **NEWARK,** who was admitted to the bar of this State in 1994, be disbarred for violating *RPC* 1.15(a) (knowing misappropriation of trust funds), *RPC* 1.15(b) (failure to promptly deliver funds to clients), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and the principles of *In re Wilson,* 81 *N.J.* 451, 409 *A.*2d 1153 (1979), and *In re Hollendonner,* 102 *N.J.* 21, 504 *A.*2d 1174 (1985);

And **RAYMOND ARMOUR** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **RAYMOND ARMOUR** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **RAYMOND ARMOUR** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by **RAYMOND ARMOUR** pursuant to *Rule* 1:21–6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further

ORDERED that **RAYMOND ARMOUR** comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.